IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jesusa Policarpio | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Client Services . | ) | |
| 3451 Harry S. Truman Blvd | ) | |
| Saint Charles, MO 63301-4047 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Jesusa Policarpio, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Credit Corp Solutions, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services*,*LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-

1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker v. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

7. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018).

8. In Boucher, the Seventh Circuit Court of Appeals stated "

## JURISDICTION AND VENUE

9. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
10. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

11. Plaintiff, Jesusa Policarpio (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
12. Plaintiff is a resident of the State of Illinois
13. Defendant, Client Services, Inc. ("Defendant"), is a Missouri business

entity with an address of 3451 Harry S. Truman Blvd., St. Louis, MO 63301.-4047 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

14. Unless otherwise stated herein, the term "Defendant" shall refer to Client Services.
15. At some point, the original creditor, sold this debt to Defendant for debt collection.
16. The primary operation of Defendant is the collection of debt.

## **ALLEGATIONS**

17. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $652.82 (the "Debt") to an original creditor (the "Creditor")
18. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
19. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
20. The letter was mailed on September 18, 2017. See Exhibit A.
21. The Plaintiff received this letter on or about September 25, 2018.
22. The top of the letter listed an itemization of debt. See Exhibit A.
23. It stated, specifically, "Balance Due At Charge-Off: $652.82"; "Interest: 0.00" and "Other Charges 0.00" and "Payments Made: 0.00" "Current Balance: $652.82" See Exhibit A.
24. This letter suggests to the unsophisticated consumer that future interest and "Other Charges" on this debt are a possibility. See Exhibit A.
25. The allegation described in paragraph 24 is an outcome that is not legally possible.
26. There are no "other charges" with this "charged off" debt.
27. The original contract between Plaintiff and the original creditor stated that interest could only be charged if Plaintiff is late on making her monthly payment after receiving her monthly statement.

28. Defendant can not even charge late fees as there is not even statements being sent to the Plaintiff anymore.
29. The letter was mailed to Plaintiff approximately six weeks after the debt was charged off and not one dime of interest or other fees was added to this debt.
30. Defendant in fact, has no intention of charging interest on this debt.
31. This is evidenced by Exhibit B, a statement from Defendant sent three months later with no interest added at all. See Exhibit B

## STANDING AND INJURY

32. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
33. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
34. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
35. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
37. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting an outcome that is a legal impossibility.
38. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting an outcome that it had no intention of exercising.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

40. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff